NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JAC 17-15

STATE IN THE INTEREST OF T.M.B. & T.T.B.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC-2014511
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett and Shannon J. Gremillion, Judges.

MOTION TO DISMISS APPEAL GRANTED.
APPEAL DISMISSED IN PART.

Lloyd Dangerfield
Attorney at Law
703 East University Avenue
Lafayette, Louisiana 70503
(337) 232-7041
COUNSEL FOR APPELLANT:
     T. G. (father)

**Leah Antoinette Beard**
**825 Kaliste Saloom Road**
**Brandywine Building 3, Room 150**
**Lafayette, Louisiana 70508**
**(337) 262-1555**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana Department of Children & Family Services**

**Nicole M. Guidry**
**Attorney at Law**
**112 South Louisiana Street, Suite 2**
**Abbeville, Louisiana 70510**
**(337) 740-8885**
**COUNSEL FOR APPELLANT:**
    **E. L. B. (mother)**

**Franchesca L. Hamilton-Acker**
**Acadiana Legal Service Corp.**
**Post Office Box 4823**
**Lafayette, Louisiana 70502-4823**
**(337) 237-4320**
**COUNSEL FOR APPELLEES:**
    **T. M. B. (child)**
    **T. T. B. (child)**

**Tracey Davenport-McGraw**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GREMILLION, Judge.**

The Appellee, the State of Louisiana, through the Department of Children and Family Services (DCFS), moves to dismiss the unlodged appeal of the Appellant, E.L.B. For the reasons given herein, we grant the motion to dismiss and order that the appeal on behalf of E.L.B. be dismissed.

This case commenced as a child in need of care involving two minor children, T.M.B. and T.T.B. On November 14, 2016, the trial court issued a judgment terminating the parental right of E.L.B, who is the mother of the children. The judgment also terminated the parental rights of the children's father, T.G., and authorized the placement of the children for adoption. The notice of judgment was mailed to all parties on November 16, 2016. T.G. filed a motion for appeal on November 30, 2016, and the trial court signed the order granting the appeal on December 5, 2016. Also, E.L.B. filed a motion for appeal on December 5, 2016, and the trial court signed the order granting the appeal on December 12, 2016. On January 6, 2017, an appeal record was lodged in this court under docket number 17-15 for the appeals of T.G. and E.L.B.

As stated above, the DCFS has filed a motion to dismiss E.L.B.'s appeal as untimely. In support of its motion, the DCFS relies on La.Ch.Code art. 332, which provides as follows:

> A. Except as otherwise provided within a particular Title of this Code, appeals shall be taken within fifteen days from the mailing of notice of the judgment. However, if a timely application for a new trial is made pursuant to Paragraph C, the delay for appeal commences to run from the date of the mailing of notice of denial of the new trial motion.

> B. Notice of judgment, including notice of orders or judgments taken under advisement, shall be as provided in Code of Civil Procedure Article 1913.

C. After judgment is signed, a party may make a written request for a motion for new trial on any ground provided by law. The delay for applying for a new trial is three days, exclusive of holidays, and shall commence to run from the mailing of notice of judgment. A motion for new trial shall be decided expeditiously and within seven days from the date of submission for decision.

In the instant case, the DCFS points out that the judgment at issue was signed on November 14, 2016. The parties indicate that the notice of judgment, which is dated November 16, 2017, has a postmark date of November 17, 2016. The DCFS argues that pursuant to La.Ch.Code art. 332, E.L.B. had until December 2, 2016, which was fifteen days after November 17, 2016, to file a motion for appeal. Thus, the DCFS asserts that the motion for appeal, which E.L.B. filed on December 5, 2016, was filed untimely. Therefore, the DCFS seeks to have E.L.B.'s appeal dismissed as untimely.

In her opposition to the DCFS's motion to dismiss the appeal as untimely, E.L.B. argues that her appeal should not be dismissed. E.L.B. points out that her children's father, T.G., also appealed the November 14, 2016 judgment whereby the trial court terminated E.L.B.'s and T.G's parental rights. E.L.B. notes that although the DCFS challenges the timeliness of her appeal, they do not challenge the timeliness of T.G.'s motion for appeal, which was filed on November 30, 2016. E.L.B. asserts that the jurisdiction of this court attached to this case when the T.G. timely perfected his appeal. E.L.B. asserts that she and T.G. have a unity of interest and that, therefore, their appeals present the same issues. Thus, E.L.B. suggests that her appeal should be allowed to proceed along with the appeal taken by T.G.

Because E.L.B.'s motion for appeal was not filed until December 5, 2016, which was more than 15 days after the mailing of the notice of judgment, we find

that E.L.B's appeal is untimely under La.Ch.Code art. 332. We note that E.L.B. does not dispute the fact that her motion for appeal was filed more than 15 days after the mailing of the notice of judgment. Rather, E.L.B. seeks to rely on the fact that the other parent, T.G., filed a timely motion for appeal. However, T.G.'s motion for appeal was not a joint motion. Instead, T.G. took an individual appeal which only affected his rights and had no impact on the timeliness of the separate motion for appeal that E.L.B. filed. Therefore, we find that while we have jurisdiction over the appeal of T.G., who filed a timely motion to appeal the trial court's judgment of November 14, 2016, we do not have jurisdiction over the appeal which E.L.B. seeks to take from that same judgment. Accordingly, we hereby grant the DCFS's motion to dismiss the appeal of E.L.B. Thus, the only appeal that will remain pending in this matter is the appeal filed by T.G.

**MOTION TO DISMISS APPEAL GRANTED.**
**APPEAL DISMISSED IN PART.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.